## WHATLEY v. CHERNOSKY.
### No. 12416.

Court of Civil Appeals of Texas.
Galveston.

Oct. 16, 1952.

Rehearing Denied Nov. 6, 1952.

Bryce Perkins, of Houston, for appellant.

Spurgeon E. Bell, Robert A. Jircik, both of Houston, for appellee.

CODY, Justice.

This was a suit by appellee, an attorney of Houston, against appellant, the widow of the late Dan T. Whatley, upon a written contract for a one-fourth interest of what she owned under the will, or as heir at law of her late husband, for representing appellant and advancing costs in an appeal from a judgment which denied the probate of Mr. Whatley's will, in a contest between appellant and the children of Mr. Whatley by a former marriage. Appellant answered by general denial, a special plea to the effect that appellee failed to represent her in the manner he agreed to, a plea that appellee had misrepresented the meaning of the contract of employment. Appellant also filed a cross-action. We pretermit a further statement of the case. This, because of the state of the record upon appeal.

The case was submitted to the jury upon sixteen special issues, all of which were answered adversely to appellant, and in favor of appellee, and judgment was duly rendered in favor of appellee and against appellant. Thereafter appellant's counsel of record filed a formal motion for new trial, and apparently withdrew from the case; said motion was overruled by operation of law.

Preceding the division of appellant's brief entitled "Argument" is this statement: "This appeal from such adverse judgment is based entirely upon the equitable principle that every citizen of the State of Texas is entitled to a fair and impartial trial and that a litigant coming into court with clean hands and a reasonable defense should not have her defense or cause of action prejudiced by haphazard, inefficient and negligent representation before the court when such haphazard, inefficient and negligent representation was not due to lack of diligence on the part of such litigant." The "Argument" is divided into eleven numbered paragraphs, and concludes that no one point can be set out as the sole basis for the lack of a fair trial, "unless it all stems back to the one fact that appellant was forced to use substitute counsel not of her own choice and who did not have the time in which to properly prepare himself for the trial of the cause and who lacked the experience that would have shown him how to obtain the necessary time." The statements contained in appellant's brief are sworn to as being true, "to the best of her knowledge and belief."

Briefly stated, appellant complains that only a few days before her case was called for trial her regularly employed attorney suffered a heart attack which prevented him from representing her, or from being consulted in the trial of the case, and his disability continued for several months after the trial thereof; that this original counsel, without consulting her, employed another counsel to try the case for her, and

he failed properly to prepare the case, and failed to ask for continuance, and that she knew nothing about the substitute counsel's lack of experience. The statements as to what the "substitute" counsel did or failed to do, which showed inexperience or incompetence, are vague. She believed that her counsel should have showed upon cross-examination that appellee and his witness were deliberately misrepresenting the facts; that he made no attempt to discredit or impeach any of the appellee's witnesses; that he failed to have the argument of counsel properly reported by a court reporter; that he failed properly to report a proposed offer of compromise; that said counsel held no consultation with her at any time subsequent to the judgment, etc.

It appears from the record that the counsel of whom she is complaining urged some exceptions some seven months before the trial. We have looked through the record. The transcript reflects that appellee urged an instructed verdict, and he here earnestly urges that the trial court erred in refusing to grant same. Apparently most of the issues upon which appellant relied, her counsel succeeded in getting submitted to the jury. The statement of facts reflects that appellant's counsel vigorously cross-examined appellant, the cross-examination covers more than sixty pages. Appellant's personal oral testimony, i. e., not referring to letters and copies of letters, etc., covers some hundred pages of the statement of facts. She apparently had a full opportunity to tell her side of the controversy.

As to the matter of compromise, according to appellee, the trial court proposed that the parties seek to compromise and suggested the lines of such compromise, and that proceedings were discontinued for more than an hour, during which time appellant and her counsel were ostensibly discussing same, and they then returned and made a counter offer which was unacceptable to appellee, and the trial then proceeded. Appellee further asserts that, while the record does not disclose it, appellant had an attorney from Snyder also in the case.

There is no indication in the record that appellant became dissatisfied with her counsel until after the case went against her. At no time did appellant suggest to the judge presiding at the trial that she was not being faithfully and properly represented. From all appearances, the case was vigorously tried on both sides. Appellant's unsupported opinion that she was not properly represented, based on nothing definite and tangible, presents no basis for reversal. In no event can appellee be penalized for shortcomings of appellant's counsel, if any there were.

The judgment of the trial court should be in all things affirmed, and it is so ordered.

Affirmed.